WILLIAM DARRYL EDMUND AND WIFE, LISA EDMUND v. FIREMEN'S FUND INSURANCE COMPANY

No. 7813SC980

(Filed 3 July 1979)

Insurance § 136— action on fire policy—amount recoverable

In an action to recover for the fire loss of plaintiffs' home under a homeowners policy which included a replacement cost provision, plaintiffs were entitled to recover only the actual cash value of the home at the time of the fire rather than the replacement cost of the home where they did not repair or rebuild the home but bought another home, and they were not entitled to recover anything from defendant insurer in this action where they failed to show that the actual cash value of the propery destroyed was greater than the amount they had been paid by defendant. G.S. 58-158; G.S. 58-159.

APPEAL by defendant from *Graham, Judge.* Judgment entered 12 December 1977 in Superior Court, COLUMBUS County. Rules 59 and 60 motions denied 30 August 1978. Heard in the Court of Appeals 28 June 1979.

This action arises out of a dispute over what additional money, if any, defendant owes plaintiffs under the terms of its Homeowners Policy for the loss of plaintiffs' home by fire. The face amount of the policy was dwelling coverage of $30,000.00, appurtenant structures coverage of $3,000.00, unscheduled personal property of $15,000.00 and $6,000.00 for additional living expenses.

All claims except that relating to the dwelling coverage have been paid. Defendant has paid $22,691.57 under that coverage.

All the evidence tends to show that it would have cost $28,364.46 to rebuild the dwelling. Plaintiffs did not rebuild but bought another house and lot at a cost of $24,000.00. Plaintiffs executed and submitted a proof of loss form to defendant, wherein the actual cash value of the dwelling was stated to be $22,691.57. Defendant paid plaintiffs that amount. An additional $5,672.89 was to be paid if plaintiffs replaced the dwelling as provided by the policy.

The trial judge, sitting without a jury, entered judgment for plaintiffs for $5,672.89, which, when added to the amount previously paid, would equal $28,364.46, the replacement cost. Defendant appealed.

*Marvin J. Tedder, for plaintiff appellees.*

*Marshall, Williams, Gorham & Brawley, by William Robert Cherry, Jr., for defendant appellant.*

VAUGHN, Judge.

The fire policy in question, as are all that are issued in this State, was issued subject to the following section of the General Statutes.

"§ 58-159. Limit of liability on total loss.—Subject to the provisions of G.S. 58-158, when buildings insured against loss by fire and situated within the State are totally destroyed by fire, the company is not liable beyond the actual cash value of the insured property at the time of the loss or damage; and if it appears that the insured has paid a premium on a sum in excess of the actual value, he shall be reimbursed the proportionate excess of premium paid on the difference between the amount named in the policy and the ascertained values, with interest at six per centum (6%) per annum from the date of issue."

The pertinent provisions of G.S. 58-158 to which the statute we have just quoted refers are as follows:

"Provided, any fire insurance company authorized to transact business in this State may, by appropriate riders or endorsements or otherwise, provide insurance indemnifying the insured for the difference between the actual value of the in-

sured property at the time any loss or damage occurs, and the amount actually expended to repair, rebuild or replace on the premises described in the policy, or some other location within the State of North Carolina with new materials of like size, kind and quality, such property as has been damaged or destroyed by fire or other perils insured against."

Plaintiffs' policy included the replacement cost provision. It, however, is not relevant because plaintiffs did not elect to avail themselves of its provisions since no money has been "expended to repair, rebuild or replace on the premises described in the policy, or some other location within the State of North Carolina with new materials of like size, kind and quality, such property as has been damaged or destroyed by fire or other perils insured against."

The ultimate task at trial, therefore, should have been to determine the actual cash value of the insured property at the time of the loss or damage. In plaintiffs' sworn proof of loss, which was introduced at trial, they stated the actual cash value to be $22,691.57. At trial, plaintiffs offered no witnesses to testify as to the actual cash value. Although the male plaintiff testified, even he was not asked to state an opinion on that question. The only evidence as to actual cash value came from defendant's adjuster. He testified that, in his opinion, the actual cash value of the dwelling at the time of the fire was $22,691.57. He arrived at this opinion by first computing the cost of rebuilding with all new materials and arrived at the figure of $28,364.46. He then took into account the fact, among others, that the house was about fifty years old and that some remodeling had been done about five years before that fire. It costs more to replace an old house with new materials in the current market than the actual cash value of the old house before the fire. To arrive at the actual cash value, he applied what he considered to be a reasonable depreciation factor of twenty percent and deducted that from the replacement cost. There was no evidence to the contrary.

In summary, the case must be stated as follows. In this suit on defendant's fire policy, plaintiffs had the burden of showing that the actual cash value of the property destroyed was greater than the amount they had been paid by defendant or that they had expended a greater sum to replace the property as called for

by the terms of the policy. They offered no evidence to aid them in that task. The court's findings, therefore, are not supported by the evidence. The judgment is vacated, and the cause is remanded for the entry of judgment that plaintiffs have and recover nothing on this claim.

Vacated and remanded.

Judges HEDRICK and ARNOLD concur.